IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

WILLIS STAMM,      )
          )
   Plaintiff,     )  TC-MD 240033G
          )
  v.         )
          )
DEPARTMENT OF REVENUE,   )
State of Oregon,      )
          )
   Defendant.    )  **DECISION**

   This matter came before the court on Defendant's Motion for Summary Judgment, alleging that Plaintiff and his home did not meet the requirements for the homestead property tax deferral for the 2023–24 tax year.[1]  Plaintiff did not file a response to Defendant's motion.

## I.  STATEMENT OF FACTS

   Plaintiff acquired his home on April 2, 2021.  (Def's Mot Summ J at 1; Am Compl at 30.) In September and October 2023, he refinanced the home and received a HUD-1 settlement statement.  (Am Compl at 15.)  That settlement statement included an "HECM origination fee." (*Id*. at 16.)  His loan term was stated as "N/A years." (*Id*. at 17.)  An appraisal was performed for a lender in conjunction with that refinance; the appraisal report identifies the finance transaction as a "reverse mortgage." (*Id*. at 23.)

   The subject's tax roll real market value was $583,270 for both the 2022–23 and the 2023–24 tax years.  (Am Compl at 3.)  The lender's appraisal report concludes to a real market value of $485,000 as of June 20, 2023.  (*Id*. at 22.)  Defendant alleges that the 2023–24 median real market value of residential property in Plaintiff's county was $515,250.  (Mot Summ J at 1.)

_____

[1] Plaintiff's home is identified by the county assessor as Account R339597.

Plaintiff applied for the homestead deferral program for the 2023–24 tax year, and Defendant denied Plaintiff's application in a letter dated November 15, 2023. (Am Compl at 13.) On appeal, Plaintiff seeks to have his home placed in the homestead deferral program. Defendant asks the court to grant summary judgment sustaining its denial of Plaintiff's deferral application. (Mot Summ J at 3.)

## II. ANALYSIS

The issue here is whether Plaintiff's home qualifies for the homestead deferral program (ORS 311.666 to 311.701) for the 2023–24 tax year.[2] Defendant puts forward three reasons for its contention that the home does not qualify: (1) the home had not been Plaintiff's homestead for five years as of the eligibility date; (2) it was subject to a nonqualifying reverse mortgage; and (3) its tax roll value was more than the county median. The standard for granting summary judgment is "that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." TCR 47 C; TCR–MD 13 B.[3]

The date on which the eligibility requirements for homestead deferral must be met is "the earlier of the date of filing [the claim for deferral] or April 15 immediately preceding the property tax year for which deferral is claimed[.]" ORS 311.672(1)(a)(C). Here, although the date Plaintiff applied for deferral is unknown, Defendant's denial letter shows that it could not have been later than November 2023. Because deferral for 2023–24 is at issue, the date on which Plaintiff and his homestead must have met the eligibility requirements is April 15, 2023, at the latest. *See id*.

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[3] Tax Court Rules (TCR); Tax Court Rules – Magistrate Division (TCR–MD)

Defendant's three challenges to the subject's eligibility are considered in turn. First, a property "must have been the homestead of the individual or individuals who file the claim for deferral for at least five years preceding April 15 of the year in which the claim is filed." ORS 311.670(2)(a). A "homestead" here is a taxpayer's owner-occupied principal dwelling. ORS 311.666(4). There are exceptions to the five-year requirement for taxpayers absent by reason of health, taxpayers downsizing from a more valuable homestead, and taxpayers inheriting an already deferred homestead as surviving spouses or disabled heirs. ORS 311.670(2)(b).

Here, Plaintiff's house was sold in April 2021, only two years before April 15, 2023. Because the house did not previously belong to Plaintiff, it would not have been his homestead before April 2021 even if he were a tenant (which has not been alleged). *See* ORS 311.666(4). Plaintiff has not alleged—and there is no evidence suggesting—that an exception to the five-year occupancy requirement applies due to health-related absence, downsizing, or inheritance of already deferred property. *See* ORS 311.670(2)(b). The subject does not meet the five-year occupancy requirement.

Defendant's second challenge is based on ORS 311.700(2): "a homestead that is pledged as security for a reverse mortgage is not eligible for tax deferral under ORS 311.666 to 311.701." There are exceptions to that reverse mortgage prohibition for certain previously deferred properties and for properties subject to reverse mortgage contracts "executed on or after July 1, 2011, and before January 1, 2017." *See* ORS 311.700(3).

Here, the HUD-1 settlement statement shows that in October 2023 Plaintiff incurred an origination fee for an HECM—a home equity conversion mortgage—and that the loan had no defined term. Those hallmarks of a reverse mortgage are supported by the appraisal report, which states that the subject was refinanced under a reverse mortgage. All the evidence

therefore shows that Plaintiff's homestead was pledged as security for a reverse mortgage. *See* ORS 311.700(2). Because the mortgage contract was executed in 2023 and there is no evidence that the subject had previously been deferred, it does not qualify for an exception to the reverse mortgage prohibition. *See* ORS 311.700(3).

Finally, to be eligible for deferral a homestead's prior-year real market value on the tax roll must be less than the greater of $250,000 or an amount based on a percentage of the "county median RMV." ORS 311.670(6). The homestead's actual market value is not directly relevant; eligibility is based on the real market value "entered on the certified assessment and tax roll for the property tax year immediately preceding the property tax year for which the taxes will be deferred." [4] *Id*. The county median RMV is "the median real market value entered on the last certified assessment and tax roll for all residential improved properties in the county in which the homestead is located" and that are classified as residential under Defendant's rule. ORS 311.666(2). For homesteads occupied fewer than seven years, the maximum tax roll real market value is "100 percent of county median RMV." ORS 311.670(6)(a).

Here, Plaintiff has not opposed Defendant's statement of the county median RMV; that value is not at issue. *See* TCR 47 C. Even though a lender's appraiser found a real market value for Plaintiff's house lower than the 2023–24 tax roll value, it is the tax roll value that governs deferral eligibility. *See* ORS 311.670(6). Because the house's 2023–24 tax roll real market value was higher than the county median RMV, it did not meet the valuation requirement for deferral. *See id*.

/ / /

---

[4] A taxpayer dissatisfied with the real market value stated on the tax roll has a right under ORS 309.100(1) to timely petition the county property value appeals board for a reduction.

Because all three of the above conditions are mandatory, Plaintiff's homestead would be ineligible for deferral if it failed to satisfy even one. Here, as of April 15, 2023, Plaintiff's homestead did not satisfy any.

## III. CONCLUSION

Because there is no genuine issue that Plaintiff's homestead was rendered ineligible for deferral by its excessive tax roll value, by its pledge as security for a reverse mortgage, and by Plaintiff's not having occupied it for five years, Defendant is entitled to summary judgment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment be and hereby is granted. Plaintiff's appeal of Account R339597 for the 2023–24 tax year is denied.

Dated this _____ day of September, 2024.

POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.***

***This document was signed by Magistrate, Poul F. Lundgren and entered on September 6, 2024.***